3:02-cv-03259-HAB-BGC     # 77     Page 1 of 13

**E-FILED**
Wednesday, 20 October, 2004 07:50:18 AM
Clerk, U.S. District Court, ILCD
Wednesday, 13 October, 2004
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FREDERICK TILLMON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 02-3259 |
| DONALD SNYDER, et al., | ) ) ) |
| Defendants. | ) |

**PROPOSED FINAL PRE-TRIAL ORDER**

This matter comes before the Court at a Final Pre-Trial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3(D); and the Plaintiff, FREDERICK TILLMON, having appeared *pro se*, and Lisa Madigan, Attorney General of the State of Illinois, having appeared by Assistant Attorney General David M. Walter as attorney for the Defendants, ALAN CARLTON, and BRUCE BAKER, and JOHN HAMILTON, the following action was taken.

**I.    NATURE OF ACTION AND JURISDICTION**

_____The Plaintiff, an inmate in the custody of the Illinois Department of Corrections, claims that he was subjected to cruel and unusual punishment in that he was attacked without provocation by Defendant Carlton, while Defendant Baker watched without intervening. The Plaintiff further claims that the Defendants denied him needed medical care for his injuries. Defendants deny the Plaintiff's allegations. The jurisdiction of the Court is founded upon 42 U.S.C. §1983 and 28 U.S.C. §1331. The Court's jurisdiction is not disputed.

**II.    JOINT STATEMENT**

_____**A.    JURISDICTION**

The jurisdiction of this Court is not disputed.

**B.     UNCONTESTED ISSUES OF FACT**

See attached Stipulation of Uncontested Facts and Issues of Law.

**C.     CONTESTED ISSUES OF FACT**

Plaintiff's Issues of Fact:

Plaintiff alleges that on April 3, 2002, in preparation for a transfer to Pinkneyville Correctional Center, Defendant Carlton "handcuffed [the Plaintiff] to the bone." Plaintiff alleges that he was then sadistically and maliciously attacked" by two correctional officers, one of whom was Defendant Carlton. Plaintiff alleges that Defendant Baker, a Lieutenant, stood by and watched while the two correctional officers viciously attacked the Plaintiff.

The Plaintiff alleges that, as a result of this attack, he suffered severe injuries, bled profusely and needed stitches. Plaintiff alleges that the severity of his injuries was so obvious that Defendants Baker and Carlton could easily recognize the necessity for a doctor's attention. Plaintiff alleges that he asked to see the medical staff because he was hurt, and bleeding, and in a lot of pain. Plaintiff alleges that Baker responded by stating that the correctional officers should have broken the Plaintiff's wrists. Plaintiff alleges that Defendants Carlton and Baker were deliberately indifferent to the Plaintiff's serious medical needs, and walked off laughing.

The Plaintiff alleges that, when he arrived at the transfer bus to be taken to Pinkneyville Correctional Center, he was still bleeding. The Plaintiff alleges that he again asked to see the medical staff, but that Defendant Hamilton was also deliberately indifferent to the Plaintiff's serious medical needs.

Defendants' Issues of Fact:

Defendant Carlton alleges that, on April 3, 2002, he was a Captain, not correctional officer. Defendant Carlton alleges that, on April 3, 2002, he was assigned to housing units 1 and 2, and was not assigned to the segregation unit where the Plaintiff was allegedly attacked. Defendant Carlton alleges that, contrary to the Plaintiff's claims, he did not even enter the Plaintiff's cell, on April 3, 2002, let alone attack the Plaintiff.

Defendant Baker admits that, on April 3, 2002, he escorted the Plaintiff to the transfer bus. Nevertheless, Defendant Baker denies that he observed, participated in, or was aware of any attack on the Plaintiff. Defendant Baker also denies that he observed or was aware of the injuries alleged by the Plaintiff.

Defendant Hamilton admits that, on April 3, 2002, he was one of the correctional officers who escorted the transfer bus in which the Plaintiff rode, when he left Western Illinois Correctional Center. Defendant Hamilton denies that he observed or was aware of the injuries alleged by the Plaintiff.

### D. CONTESTED ISSUES OF LAW

1. Whether the Plaintiff was subjected to cruel and unusual punishment within the meaning of the Eighth Amendment to the United States Constitution.

2. If force was used by the Defendants, whether its use was the "proximate cause" of the claimed injury to the Plaintiff.

3. Whether Defendants are protected by qualified immunity.

4. Whether the Plaintiff is entitled to compensatory damages.

5. Whether the Plaintiff is entitled to punitive damages.

### E. JURY DEMAND

1. The parties agree that this cause will be a jury trial. There will be a minimum of six (6) jurors.

## III. PLAINTIFF'S STATEMENT

### A. ITEMIZED STATEMENT OF DAMAGES

Plaintiff seeks $_____ in compensatory damages. Plaintiff also seeks $_____ in punitive damages.

3

IV.  **EXHIBITS ATTACHED**

The following are attached as Exhibits to this Order and are made a part hereof:

A.  Stipulation of Uncontested Facts and Issues of Law

B.  Plainitiff's Witness List

C.  Defendant's Witness List

D.  Plaintiff's Exhibit List

E.  Defendant's Exhibit List

V.  **GENERAL ADDITIONAL**

_____The following additional action was taken:

_____1.  The testimony of the following inmate witnesses is necessary for trial. The Clerk is directed to issue Writs of *Habeas Corpus ad Testificandum* for:

2.  The testimony of the following witnesses who are neither inmate nor employees is necessary for trial. The Clerk is directed to issue trial subpoenas for the following: Andy Jones, Inmate No. B52978, and Richard Fields, Inmate No. K70501. The Plaintiff must provide the witness fee ($40) and mileage ($.25 per mile) to the witness, and is responsible for service of the subpoena under Federal Rules of Civil Procedure 45.

IT IS FURTHER UNDERSTOOD BY THE PARTIES THAT:

The Plaintiff is limited to 0 expert witnesses whose names and qualifications have been disclosed to Defendant. The Defendant is limited to 0 expert witnesses whose names and qualifications have been disclosed to Plaintiff.

Any Trial Briefs or Motions in Limine shall be submitted no later than five (5) days prior to the commencement of that trial.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

**EXHIBIT A**

**STIPULATION OF UNCONTESTED FACTS AND ISSUES OF LAW**

Pursuant to Local Rule 16.3(D) of the United States District Court for the Central District of Illinois, FREDERICK TILLMON, Plaintiff, and ALAN CARLTON, BRUCE BAKER, and JOHN HAMILTON, Defendants, hereby submit the following Stipulation of Uncontested Facts and Issues of Law.

1. The Plaintiff is a convicted felon.

2. On March 13, 2002, the Plaintiff was transferred from Dixon Correctional Center ("Dixon"), to Western Illinois Correctional Center ("Western").

3. While at Western, the Plaintiff was found guilty of insolence, and creating a dangerous disturbance. As punishment, among other things, the Plaintiff was placed in segregation, and it was ordered that the Plaintiff be transferred to another prison.

4. On April 3, 2002, the Plaintiff was transferred from Western to the Pinkneyville Correctional Center ("Pinkneyville").

5. Defendants Bruce Baker, Alan Carlton, and John Hamilton were all employed at Western, and worked there on April 3, 2002.

7. At the time, Baker was a Lieutenant, and he escorted the Plaintiff from the segregation unit to the transfer bus.

8. John Hamilton was one of the correctional officers who accompanied the transfer bus in which the Plaintiff rode, when he left Western Illinois Correctional Center.

9. The transfer bus, in which the Plaintiff rode, went to Logan Correctional Center ("Logan"), where transfer buses meet and exchange prisoners.

10. The Plaintiff was then transported from Logan to Pinkneyville.

11. None of the Defendants were on the bus from Logan to Pinkneyville.

**EXHIBIT B**

**PLAINTIFF'S WITNESS LIST**

Pursuant to Local Rule 16.3(D) of the United States District Court for the Central District of Illinois, FREDERICK TILLMON, Plaintiff, hereby submits the following witness list:

1. Andy Jones, Inmate No. B52978
2. Richard Fields, Inmate No. K70501
3. Plaintiff, Frederick Tillmon, Inmate No. B61533
4. Defendant Bruce Baker
5. Defendant Alan Carlton
6. Defendant John Hamilton

**EXHIBIT C**

**DEFENDANTS' WITNESS LIST**

Pursuant to Local Rule 16.1 of the United States District Court for the Central District of Illinois, ALAN CARLTON, BRUCE BAKER, and JOHN HAMILTON, Defendants, hereby submit the following witness list:

1. Plaintiff, Frederick Tillmon, Inmate No. B61533 (Menard)
2. Defendant Bruce Baker
3. Defendant Alan Carlton (Western)
4. Defendant John Hamilton (Western)
5. Sergeant Kenneth Kleinlein (Western)
6. Matthew Cawthan (Western)
7. Pat Wankel (Western)
8. Douglas Taylor (Western)
9. Kenneth DeWitt (Western)
10. Kim Boyd, Licensed Practical Nurse (Pinkneyville)
11. Elizabeth Cole, Registered Nurse (Pinkneyville)
12. Tammy Baughman, Medical Records Director (Menard)
13. Lori Jaenke, Records Office Supervisor (Menard)
14. Major Scott McKee (Western)
15. Teresa Ralph (Western)

**EXHIBIT D**
_____**PLAINTIFF'S EXHIBIT LIST**

Pursuant to Local Rule 16.1 of the United States District Court for the Central District of Illinois, FREDERICK TILLMON, Plaintiff, hereby submits the following exhibit list:

_____If objection,
Number   Description                             Objection    state grounds

1

2

3

4

5

6

## EXHIBIT E

## DEFENDANTS' EXHIBIT LIST

Pursuant to Local Rule 16.1 of the United States District Court for the Central District of Illinois, ALAN CARLTON, BRUCE BAKER, and JOHN HAMILTON, Defendants, hereby submit the following exhibit list:

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|
| 1 | Plaintiff's Disciplinary Records | | |
| 2 | Plaintiff's Medical Records | | |
| 3 | Plaintiff's Affidavits | | |
| 4 | Daily Roster for April 3, 2002. | | |

**EXHIBIT F**

**PROPOSED JURY INSTRUCTIONS**

The parties will tender proposed jury instructions at the trial.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FREDERICK TILLMON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DONALD SNYDER, et al., ) <br> ) <br> Defendants. ) | Case No. 02-3259 |

**Certificate of Service**

I hereby certify that on October 13, 2004, I electronically filed a Proposed Final Pre-Trial Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

and I hereby certify that on October 13, 2004, I mailed by United States Postal Service, the document to the following non-registered participant:

Frederick Tillmon, #B-61533
Menard Correctional Center
711 Kaskaskia Street
Menard, IL 62259

Respectfully submitted,

s/David M. Walter
David M. Walter, #6244907
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-5819
Facsimile: (217) 524-5091
dwalter@atg.state.il.us

12. At 6:00 p.m. after his arrival at Pinkneyville, the Plaintiff was seen by Kim Boyd, a Licensed Practical Nurse.

13. Later that evening, at 10:00 p.m., the Plaintiff was seen by Elizabeth Cole, a Registered Nurse.

14. In the Plaintiff's medical charts, Nurse Cole noted that the Plaintiff had a superficial cut on the right side of his chin, a red bruised area on his right shoulder, a scrape on his right knee, and redness to the inner aspect of the Plaintiff's left wrist.

15. Nurse Cole also noted that the Plaintiff needed no treatment, and that the injured areas could be cleaned with soap and water.

## UNCONTESTED ISSUES OF LAW

1. Any actions by the Defendants were taken under color of State law.

The joint stipulation is agreed to and respectfully submitted by:


_____
FREDERICK TILLMON
Plaintiff, Pro Se

_____s/David M. Walter_____
DAVID M. WALTER
Attorney for Defendants

It is mutually estimated that the length of trial will not exceed two (2) full days. The case will be listed on the trial calendar to be tried when reached.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

Any additional proposed jury instructions shall be submitted to the Court within five (5) days before the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

ENTERED: __October 18,__, 2004.

                                        s/Judge Harold A. Baker
                                                      JUDGE

APPROVED:

| s/Frederick Tillmon | s/David M. Walter |
|---|---|
| Frederick Tillmon | David M. Walter |
| Plaintiff, *pro se* | Assistant Attorney General |
| | Attorney for Defendants |

By order of the Court pursuant to agreement Mr. Frederick Tillmon name was electronically filed.

5