E-FILED
Friday, 18 February, 2005  01:35:49 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK TILLMON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 02-3259 |
| DONALD SNYDER et. al., | ) ) ) |
| Defendants. | ) |

## AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendants, ALAN CARLTON and BRUCE BAKER, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and for their Answer to Count I Plaintiff's Complaint relating to use of excessive force state as follows:

1.  Defendant Snyder has been dismissed from this cause of action by Court Order filed March 28, 2003.

2.  Defendant Hockaday has been dismissed from this cause of action by Court Order filed March 28, 2003.

3.  Defendant Winters has been dismissed from this cause of action by Court Order filed March 28, 2003.

4.  Defendants admit Defendant Baker was formerly employed as a Lieutenant within the Illinois Department of Corrections, and acted in that capacity at Western Illinois Correctional Center at the time set forth in the complaint.

5.  Defendant Eglehoff has been dismissed from this cause of action by Court Order filed March 28, 2003.

6.  Defendant Vincent has been dismissed from this cause of action by Court Order filed March 28, 2003.

7. Defendant Wilson has been dismissed from this cause of action by Court Order filed March 28, 2003.

8. Defendant Wear has been dismissed from this cause of action by Court Order filed March 28, 2003.

9. Defendant Thomas has been dismissed from this cause of action by Court Order filed March 28, 2003.

10. Defendant Carlton is a Correctional Captain employed within the Illinois Department of Corrections at Western Correctional Center, and has been so employed at all relevant times.

11. Defendant Shaffer has been dismissed from this cause of action by Court Order filed March 28, 2003.

12. Defendant Hamilton has been dismissed from this cause of action by Court Order filed March 28, 2003.

13. Defendant Caritcn has been dismissed from this cause of action by Court Order filed March 28, 2003.

14. Defendant Ackman has been dismissed from this cause of action by Court Order filed March 28, 2003.

15. Defendant Moore has been dismissed from this cause of action by Court Order filed March 28, 2003.

16. Defendants admit Defendant Brown is employed as a health care administrator within the Illinois Department of Corrections, and acted in that capacity at Pinckneyville Correctional Center at the time set forth in the complaint. Defendant Brown admits her first name is Christine. Defendants deny the remaining allegations in

Paragraph 16.

17. Defendant Rodriguez has been dismissed from this cause of action by Court Order filed March 28, 2003.

18. Defendant Laird has been dismissed from this cause of action by Court Order filed March 28, 2003.

19. Defendants admit Defendant Gale is employed as a nurse within the Illinois Department of Corrections, and acted in that capacity at Pinckneyville Correctional Center at the time set forth in the complaint.

20. Defendants admit Defendant Lucas is employed as a nurse within the Illinois Department of Corrections, and acted in that capacity at Pinckneyville Correctional Center at the time set forth in the complaint.

21. Defendants admit Defendant Knop was employed as a Warden within the Illinois Department of Corrections, and acted in that capacity at Pinckneyville Correctional Center at the time set forth in the complaint.

22. Defendant Flagg has been dismissed from this cause of action by Court Order filed March 28, 2003.

23. Defendants admit Defendant Dement is employed as a Caseworker Supervisor within the Illinois Department of Corrections, and acted in that capacity at Pinckneyville Correctional Center at the time set forth in the complaint. Defendants admit that, in addition to other duties, a caseworker supervisor deals with inmate problems and handles inmate grievances.

24. Defendant Radmacher has been dismissed from this cause of action by Court Order filed March 28, 2003.

25. Defendant John Doe #1 has been dismissed from this cause of action by Court Order filed March 28, 2003.

26. Defendant John Doe #2 has been dismissed from this cause of action by Court Order filed March 28, 2003.

27. Defendant John Doe #3 has been dismissed from this cause of action by Court Order filed March 28, 2003.

28. Defendants lack personal knowledge to admit or deny allegations in Paragraph 28.

29. Defendant John Doe #5 has been dismissed from this cause of action by Court Order filed March 28, 2003.

30. Defendant John Doe #6 has been dismissed from this cause of action by Court Order filed March 28, 2003.

31. Defendant John Doe #8 has been dismissed from this cause of action by Court Order filed March 28, 2003.

32. Defendant Bessel has been dismissed from this cause of action by Court Order filed March 28, 2003.

33. Defendants admit this court has jurisdiction over Plaintiff's claims.

34. Defendants have no personal knowledge to admit or deny the allegation that all Defendants reside in Illinois. Defendants Carlton and Baker admit they are Illinois residents.

35. Defendants admit Plaintiff was transferred from Dixon Correctional Center to Western Correctional Center on March 13, 2002. Defendants admit Plaintiff was housed in the psychiatric unit at Dixon Correctional Center. Defendants admit Plaintiff was given

medication prior to transfer. Defendant Eglehoff has been dismissed from this cause of action by Court Order Filed March 23, 2003. Defendants admit Plaintiff was not in segregation status at the time of transfer. Defendants admit that both Western Illinois Correctional Center and Dixon Correctional Center are under operation of the Illinois Department of Corrections.

36.     Defendants admit Plaintiff was transferred at Logan Correctional Center on March 13, 2002. Defendants admit that among other functions, Logan Correctional Center is the site of prison transfers. Defendants lack personal knowledge to admit or deny the remaining allegations in Paragraph 36.

37.     Defendants admit Plaintiff was taken to the Receiving Building upon his arrival at Western Illinois Correctional Center. Defendant Bessel has been dismissed from this cause of action by Court Order filed March 28, 2003. Defendants lack personal involvement to admit or deny whether Defendant Bessel had been assigned to that building that day, and what Plaintiff had asked him. Defendant Baker lacks personal knowledge to admit or deny a conversation with Plaintiff prior to his placement in a segregation cell. Defendants admit Plaintiff was processed for segregation, given a segregation jumpsuit, and placed in a segregation cell. Defendants lack personal knowledge to admit or deny how long Plaintiff remained in the segregation cell. Defendants lack personal knowledge to admit or deny what Officer Bessel told Plaintiff. Defendants admit Plaintiff was moved to a regular cell in the receiving wing. Defendants admit Plaintiff was let out into the dayroom for recreation at approximately 6:30 p.m. Defendants lack personal knowledge to admit or deny what John Doe #1 asked Plaintiff about his social security number, tattoos, alias', or information on a computer screen. Defendants lack personal knowledge

to admit or deny what was discussed in a conversation between John Does #1, #2 and #3. Defendants admit Plaintiff was returned to his cell. Defendants lack personal knowledge to admit or deny any discussion between John Doe #1 and Plaintiff upon return to his cell.

38.     Defendants admit Plaintiff was in personal property on March 14, 2002. Defendants lack personal knowledge to admit or deny the allegations concerning a conversation between Plaintiff and former Defendant Wear. Defendants lack personal knowledge to admit or deny the allegation that Plaintiff requested to speak to someone about his personal property. Defendants lack personal knowledge to admit or deny the allegations concerning a conversation between Plaintiff and former Defendant Winters. Defendants admit Plaintiff was taken to an office in the segregation office. Defendants deny allegations relating to the use of profanity towards Plaintiff. Defendants deny the allegation that he was "hauled" and "shoved" into a segregation shower stall. Defendants deny shoving Plaintiff into an empty segregation stall.

39.     Defendants admit Plaintiff requested to speak to someone in higher authority about his incarceration at Western Illinois Correctional Center. Defendant Baker admits walking away from Plaintiff. Defendants lack personal knowledge to admit or deny the allegations concerning a conversation with former Defendant Shaffer.

40.     Defendants lack sufficient personal knowledge to admit or deny allegations concerning a conversation that took place between Plaintiff and former Defendant Hockaday relating to Plaintiff's transfer. Defendant Hockaday has been dismissed from this action by Court Order filed March 28, 2003.

41.     Defendants admit Plaintiff received two disciplinary tickets March 14, 2002. Defendants admit Plaintiff received a ticket for Dangerous Disturbances (#105) and

Insolence (#304); and a ticket for Insolence (#304) and Disobeying a Direct Order (#403). Defendants deny Plaintiff's allegations concerning the investigation conducted in issuance of these tickets.

42.     Defendants lack personal knowledge to admit or deny the allegations concerning a conversation between Plaintiff and former Defendant Shaffer.

43.     Defendants admit Plaintiff appeared before the Adjustment Committee on March 18, 2003.  Defendants admit former Defendants Vincent and Wilson were part of the Adjustment Committee at that time, and the Adjustment Committee Hearing officers hear and investigate tickets, determine if inmates are guilty of offenses, and submit a recommendation to the Warden concerning discipline.  Defendants admit the Warden makes for final determination as to what punishment will be imposed.  Defendants admit Plaintiff pled "not guilty", and that he states he was confused about the charges. Defendants lack sufficient personal knowledge to admit or deny the allegations concerning lack of assistance on the part of former Defendants Vincent and Wilson.  Defendants deny Plaintiff went on a hunger strike March 21, 2002.

44.     Defendants deny the allegations concerning Defendant Baker contained in Paragraph 44.   Defendants lack personal knowledge to admit or deny the allegations concerning former Defendant Shaffer.   Defendants lack personal knowledge to admit or deny the allegation concerning the Major.   Defendants admit Plaintiff was moved to Cell 38 in segregation.  Defendants deny remaining the allegations contained in Paragraph 44.

45.     Defendants admit Plaintiff received Adjustment Committee Summaries regarding the March 14, 2002 disciplinary tickets on March 19, 2002.  Defendants admit the information contained in Paragraph 45 purportedly representing the information

contained on the adjustment committee report is the information contained in said report. Defendants admit Plaintiff filed a grievance in connection with these tickets.

46.  Defendants deny the allegations contained in Paragraph 46.

47.  Defendants admit Plaintiff was transferred April 3, 2002. Defendants deny making rude remarks to Plaintiff. Defendants deny placing cuffs on Plaintiff as tight as they could so the cuffs could bite into Plaintiff's wrists. Defendants admit that Plaintiff was placed in restraints prior to his cell transfer. Defendants deny the remaining allegations in Paragraph 47.

48.  Defendants lack sufficient personal knowledge to admit or deny Plaintiff was strip searched by John Doe #5. Defendants admit Defendant Baker escorted Plaintiff to the transfer bus. Defendants lack personal knowledge to admit or deny Plaintiff was subject to profanity during the transfer. Defendants deny Plaintiff requested medical attention and the request was ignored by Defendant Baker. Defendants lack sufficient personal knowledge to admit or deny the allegations concerning former Defendant Hamilton. Defendant Baker denies Plaintiff requested and was denied medical assistance upon entry into the transfer vehicle. Defendants lack personal knowledge to admit or deny the allegations concerning Defendant John Doe #7. Plaintiff's complaints regarding medical care are addressed in Defendants' Motion for Summary Judgment.

49.  Defendants admit Plaintiff was transferred by bus to Pinckneyville Correctional Center. Defendants admit Plaintiff reported the alleged attack to former Defendant Flagg. Defendants lack sufficient personal knowledge to admit or deny Plaintiff met with Officer Scott, and lack sufficient personal knowledge to admit or deny anything said during the alleged meeting. Officer Scott is not named as a Defendant in this case

and Defendants have no personal knowledge to admit or deny the allegations in Paragraph 49. Defendants admit Plaintiff was seen in the medical unit on April 3, 2002.

50.    Defendants admit Plaintiff was transferred from Pinckneyville Correctional Center to Big Muddy Correctional Center on April 9, 2002. Defendants admit Plaintiff was transferred back to Pinckneyville Correctional Center that day. Defendants lack personal knowledge to admit or deny Plaintiff's allegation that he was shown a series of photos. Defendants lack personal knowledge to admit or deny Plaintiff's allegations concerning an unknown Defendant.

51.    Defendants lack personal knowledge to admit the allegations concerning former Defendant Laird set forth in Paragraph 51.

52.    Defendants admit Plaintiff was confined to segregation May 20, 2002. Defendants lack personal knowledge to admit or deny Plaintiff's allegations concerning former Defendant Rodriguez. Defendants admit Plaintiff filed a grievance in connection with this incident. Defendants lack personal knowledge to admit or deny the allegations concerning former Defendant Moore. Plaintiff's complaints regarding medical care are addressed in Defendants' Motion for Summary Judgment.

53.    Defendants admit Plaintiff filed a grievance in connection with pain in his thumb. Defendants deny Plaintiff was told he would see a doctor. Defendants admit Plaintiff was seen in the health care unit on April 7, 2002. Defendants admit Plaintiff was seen by Defendant Lucas on May 3, 2002. Defendants admit Plaintiff was prescribed 10 Tylenol pills on May 3, 2002. Defendants admit Plaintiff was given no further Tylenol in addition to the prescribed dosage. Defendants deny Plaintiff was refused medical treatment upon his request.

54. Defendants admit Plaintiff was seen by medical professionals on April 7, 2002 and May 3, 2002. Defendants lack personal knowledge to admit or deny allegations concerning a conversation between Plaintiff and former Defendant Rodriguez. Defendants lack personal knowledge to admit or deny the remaining allegations in Paragraph 54. Plaintiff's complaints regarding medical care are addressed in Defendants' Motion for Summary Judgment.

55. Defendants admit Plaintiff was in segregation on May 31, 2002. Defendants admit Plaintiff was escorted to the medical unit for an eye exam on May 31, 2002. Defendants lack personal knowledge to admit or deny the remaining allegations in Paragraph 55.

56. Defendants lack personal knowledge to admit or deny the allegations concerning a conversation between Plaintiff and former Defendant Flagg on August 20, 2002.

57. Defendants admit Plaintiff appeared before the Administrative Review Board for a hearing regarding the disciplinary tickets of March 14, 2002. Defendants admit Robert Ramacher was the Administrative Review Board Chairperson on that date and heard the issues involved. Defendants admit Plaintiff's grievance was denied, and Radmacher and Snyder upheld the discipline imposed. Defendants admit Plaintiff exhausted his administrative remedies as to the March 14, 2002 disciplinary tickets.

**COUNT I**

58. Defendants readopt their Answer as to Paragraphs 1-57.

59. Defendants deny the allegations set forth in Paragraph 59.

60. Defendants deny that Plaintiff did not take aggressive action, and deny that

the use of force was not justified by the actions of Plaintiff. Defendants admit Plaintiff was placed in restraints prior to transfer. Defendants admit Plaintiff was confined in a locked cell prior to transfer.

61. Defendant Baker admits he is a former Lieutenant within the Illinois Department of Corrections, and at the time of these allegations was so employed. Defendant Baker denies observing any assault by any Defendants. Defendant Baker denies denying Plaintiff access to medical treatment upon Plaintiff's request.

## COUNT II

62. This Count has been dismissed by this Court's Order filed March 28, 2003.

63. This Count has been dismissed by this Court's Order filed March 28, 2003.

64. This Count has been dismissed by this Court's Order filed March 28, 2003.

## COUNT III

65. This Count has been dismissed by this Court's Order filed March 28, 2003.

66. This Count has been dismissed by this Court's Order filed March 28, 2003.

67. This Count has been dismissed by this Court's Order filed March 28, 2003.

## COUNT IV

68. Defendants readopt their Answers as to Paragraphs 1-67.

69. Defendants address these allegations in their Partial Motion to Dismiss.

## RELIEF REQUESTED

70. Defendants deny Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

1. At all times relevant to Plaintiff's Complaint, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established

constitutional rights.   Defendants are protected from liability by the doctrine of qualified immunity.

2. To the extent Plaintiff seeks relief for any action taken as the result of a disciplinary ticket that resulted in loss of good time conduct credit, Plaintiff is barred from challenging the validity of the discipline imposed under Heck v. Humphrey, 510 U.S. 1068, 114 S.Ct. 751, 217 L.E.2d 69 (1994).

WHEREFORE, Defendants respectfully request this Honorable Court to deny Plaintiff the relief requested.

Respectfully submitted,

ALAN CARLTON, and BRUCE BAKER.

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

David M. Walter, #6244907
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-9056

By: /s/David M. Walter
    David M. Walter
    Assistant Attorney General

Of Counsel.