UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FREDERICK TILLMON,

      Plaintiff,

    v.　　　　　　　　　　　　　　　　　　　02-3259

ALAN CARLTON, BRUCE BAKER and
JOHN HAMILTON,

      Defendants.

## JURY INSTRUCTIONS

The law applicable to this case is contained in these instructions, and it is your duty to follow them.  You must consider these instructions as a whole, not picking out one instruction and disregarding others.

You must not question any rule of law stated by me in these instructions.  Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

It is your duty to determine the facts and to determine them from the evidence produced in open court.  You are to apply the law to the facts and in this way decide the case.  Your verdict must be based on evidence and not upon speculation, guess or conjecture.

The production of evidence in open court is governed by rules of law.  From time to time it has been my duty as judge to rule on the admissibility of evidence.  You must not concern yourselves with the reasons for these rulings.

The evidence consists of the sworn testimony of the witnesses and the exhibits received in evidence and stipulated facts.

You are to consider only the evidence received in this case.  You should consider this evidence in the light of your own observations and experiences in life.  You may draw such reasonable inferences as you believe to be justified from proved facts.

Whenever evidence was received for a limited purpose, you should consider it for that purpose and no other.

You are to disregard any evidence regarding which I have sustained an objection or which

1

I ordered stricken. Anything you may have seen or heard about the case outside the courtroom is not evidence and must be entirely disregarded. You should not be influenced by sympathy, prejudice, fear, or public opinion. You are impartial judges of the facts.

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law but are not evidence. If any argument, statement, or remark has no basis in the evidence, then you should disregard that argument, statement, or remark.

Neither by these instructions nor by any ruling or remark which I have made do I or have I meant to indicate any opinion as to the facts.

2

The plaintiff, Frederick Tillmon, an inmate of the Illinois Department of Corrections, claims that the defendants, Alan Carlton, Bruce Baker and John Hamilton, correctional officers of the Illinois Department of Corrections, violated the plaintiff's right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment.

Specifically, the plaintiff claims that on April 3, 2002, while he was assigned to the Western Correctional Center, and in preparation for transfer to the Pinkneyville Correctional Center, the defendant Carlton "handcuffed the plaintiff to the bone " and that the plaintiff was then deliberately attacked by the defendant Carlton and another correctional officer. The plaintiff further claims that the defendant Baker stood by and watched and did nothing to intervene when he could have done so. The plaintiff further claims that as a result of the attack he was injured and bled profusely and needed surgical stitches but that the defendants were deliberately indifferent to his serious medical needs and he was placed on the transfer bus. The plaintiff further claims that the defendant Hamilton was an escort on the transfer bus and that he was deliberately indifferent to the plaintiff's serious medical needs. The plaintiff says that he suffered injuries and damages as a result of the conduct of the defendants and that the defendants' conduct was a proximate cause of his damages.

The defendants Carlton and Baker deny that they attacked or injured the plaintiff. Baker escorted the plaintiff to the transfer bus but denies witnessing any attack on the plaintiff or that he was aware of any attack on the plaintiff. The defendant Hamilton denies that he observed a serious medical condition in the plaintiff or that he was deliberately indifferent to any serious medical condition. The defendants further deny that any conduct on their part was a cause of injury or damage to the plaintiff and deny that their conduct was a proximate cause of any claimed injury or damage to the plaintiff.

The Eighth Amendment to the Constitution of the United States provides in applicable part that a prisoner shall not be subjected to cruel and unusual punishment. By that I mean that corrections officers shall not intentionally use excessive force in restraining a prisoner to punish him or cause him injury or pain.

To secure that right and its enforcement, the Congress has enacted a statute that says no person acting under color of state law shall deprive another person of his constitutional rights. A person who violates the statute may be required to pay money damages to the person whose rights have been denied. It is undisputed that these defendants acted under color of state law because they were Illinois Corrections Officers at the time of the occurrences complained of in this case.

In the context of this case, the Eighth Amendment permits a corrections officer to use force against a prisoner he has in custody only in a good faith effort to maintain discipline and security of the institution and to prevent the prisoner from becoming violent and doing harm to himself or to others. The Eighth Amendment bars the defendant from using force maliciously or sadistically for the purpose of causing harm or pain.

A corrections officer is justified in the use of force upon a prisoner when and to the extent that the corrections officer reasonably believes that such force is reasonably necessary to maintain security and discipline in the institution or to prevent the likelihood of a prisoner causing injury to others or to himself. In deciding whether the force used could plausibly have been thought necessary, you should consider the need for the force, the relationship between the need and the nature of the force that was used, and the extent of any injury that may have been inflicted.

The Eighth Amendment to the Constitution of the United States further requires that inmates receive adequate medical care    In the context of this case, that means that the plaintiff had the right to be free from deliberate indifference to a serious medical need.  To be serious, a medical need does not have to be life threatening. The condition is serious if it is obvious to a lay person as mandating treatment and is sufficiently serious that the deliberately indifferent denial of medical care for such a condition will result in needless pain and suffering.

4

A significant part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness' testimony.

1. Ask yourself if the witness was able to see or hear the events clearly. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

2. Ask yourself how good the witness' memory seemed to be. Did the witness seem able to remember accurately what happened?

3. Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or to remember the events.

4. Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

5. Ask yourself if the witness had any relationship to the government or to a defendant, or anything to gain or lose from the case, that might influence the witness' testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

6. Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

7. And ask yourself how believable the witness' testimony was in light of all the other evidence. Was the witness' testimony supported or contradicted by other evidence that you found believable? If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness' believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side of an issue has greater weight than that of a larger number on the other side of that issue.

There are two types of evidence: direct and circumstantial. Direct evidence is the testimony of a person who claims to have personal knowledge of the occurrences which are the subject of the case, such as an eye witness. Circumstantial evidence is the proof of a chain of facts and circumstances which tend to show the existence of other relevant facts sought to be proved. The law makes no distinction between the weight to be given either direct or circumstantial evidence. Therefore, all of the evidence in the case, including the circumstantial evidence, should be considered by you in arriving at your verdict.

Evidence that a witness has been convicted of a crime is to be considered by you only insofar as it may affect his credibility as a witness. It must not be considered by you on any other issue in the case.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

In determining whether any proposition or fact has been proved, you should consider all of the evidence bearing on the question without regard to which party produced it.

When I use the expression "proximate cause," I mean any cause which triggers a natural chain of events that ultimately produces the damages or injury for which the plaintiff seeks to recover in his case.

When I say that a party has the "burden of proof" on any propositions, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the propositions on which that party has the burden of proof are more probably true than not true.

When I use the expression "deliberate indifference" in these instructions, I mean that the defendant, with actual knowledge of a substantial risk of serious harm to an inmate, acted with either actual intent to cause punishment or inflict pain, or that he acted with reckless disregard to the consequences of his conduct, thereby causing punishment or infliction of pain.

When I use the expression "intentional" or "actual intent" in these instructions, I mean that a defendant, with knowledge of all the circumstances surrounding the occurrence, acted deliberately.

Negligence, carelessness, or failure to do a good job is not a basis for liability. The defendant's conduct must be intentional or deliberately indifferent as I have defined those terms for you in these instructions.

There is more than one defendant in this case. That does not mean that if you find against one defendant you must find against each. Each defendant is entitled to have his or her case considered separately, and, therefore, you must consider the case against each defendant as if he or she were the only defendant in the case.

The plaintiff has the burden of proving each of the following propositions to recover on his claim against the defendant regarding a violation of his Eighth Amendment right to freedom from cruel and unusual punishment, considering each defendant separately:

First, that the defendant under consideration acted in one or more of the ways claimed by the plaintiff; and

Second, that in so acting the defendant violated the plaintiff's right to be free from cruel and unusual punishment; and

Third, that the plaintiff suffered damages; and

Fourth, that the conduct of the defendant under consideration was a proximate cause of that damage.

If you find from your consideration of all the evidence that the plaintiff has proved each of these propositions, then your verdict should be for the plaintiff and against the defendant under consideration.

On the other hand, if you find from a consideration of all the evidence that the plaintiff has failed to prove any one of these propositions, then your verdict should be for the defendant under consideration and against the plaintiff.

15

If you decide the plaintiff is entitled to damages, you must fix the amount of money which will reasonably and fairly compensate the plaintiff for any of the following element of damage proved by the evidence to have resulted from the conduct of the defendant, taking into consideration the nature, extent, and duration of the injury:

The pain and suffering experienced by the plaintiff.

Whether this element of damage has been proved by the evidence is for you to determine.

If you decide for the defendants on the question of liability, you will have no occasion to consider the question of damages.

In addition to the compensatory damages, the law allows, but does not require, the jury to award punitive damages. The purpose of punitive damages is (1) to punish a wrongdoer for extraordinary misconduct, and (2) to warn others against doing the same.

In this case, you have discretion to award punitive damages if you find that the defendant acted intentionally to punish the plaintiff and cause him harm or with deliberate indifference to the plaintiff's rights with the intent to punish him and cause him harm.

You may award an amount of punitive damages which all jurors agree is proper. In fixing the amount, you should consider the following questions: (1) How offensive was the conduct? (2) What amount is needed to prevent repetition? And, (3) has the amount a reasonable relationship to the actual damages awarded? If you do award punitive damages, you should fix the amount using calm discretion and sound reason. You must not be influenced by sympathy for or dislike of any party in the case.

When you retire to the jury room, you will first select one of your members as your presiding juror. He or she will preside during your deliberations on a verdict.

Your agreement upon a verdict must be unanimous. Your verdict must be in writing and signed by each of you, including the presiding juror.

You will be provided with forms of verdict. When you have unanimously agreed upon your verdict, select and complete the form which correctly reflects your verdict.

The forms of verdict which you will receive read as follows:

We, the jury, find in favor of the plaintiff and against each of the defendants.

We fix the plaintiff's compensatory damages as $_____.

We fix punitive damages as:

Against the defendant Carlton  $_____.
Against the defendant Baker      $_____.
Against the defendant Hamilton $_____.

_____     _____

_____     _____

_____     _____

_____     _____
                                                    Presiding Juror

19

We, the jury, find in favor of each of the defendants and against the plaintiff.

_____    _____

_____    _____

_____    _____

_____    _____

Presiding Juror

We, the jury, find in favor of the plaintiff and against the defendant(s)

_____.

We further find in favor of the defendant(s)_____

_____.

We fix the plaintiff's compensatory damages as $_____.

We further assess punitive damages as :

Against the defendant _____ $_____.

Against the defendant _____ $_____

_____    _____

_____    _____

_____    _____

_____    _____

                                         Presiding Juror